Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ESTHER CALZADA ENCARNACIÓN<br><br>Apelada<br><br>v.<br><br>SANDRO CARMONA CALDERÓN, MADELINE SANTIAGO RODRÍGUEZ Y OTROS<br><br>Apelante | KLAN202301096 | Apelación procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Civil Núm.: FA2021CV01026<br><br>Sobre: Preterición; Impugnación de Testamento; Aceptación de Herencia; Petición y Adjudicación de Herencia |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece mediante recurso de *Apelación* el Sr. Sandro Carmona Calderón, la Sra. Madeline Santiago Rodríguez, por sí y en representación de su hija menor de edad Gabriela Villafañe Santiago, (conjuntamente, Apelantes) y nos solicitan la revisión de la *Sentencia* dictada el 19 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Fajardo. En el referido dictamen, el Tribunal anuló el testamento impugnado, a la vez que declaró única y universal heredera a la viuda preterida del causante. Adelantamos que, por los argumentos esbozados a continuación, *revocamos* el foro apelado.

Según surge del expediente, el causante Eusebio Rodríguez Cruz otorgó testamento abierto el 6 de agosto de 2019. En este reconoció que

se encontraba casado con Esther Calzada Encarnación (Apelada), pero a pesar de ello no hizo disposición alguna a su favor. En cambio, designó como legatarios a Sandro Carmona Calderón, al cual legó la mitad de su caudal, a Anna Torres Rodríguez, a quien legó una cuarta parte del caudal y a Gabriela Marie Villafañe Santiago, a quien legó la restante cuarta parte del caudal. Eusebio Rodríguez Cruz falleció el 21 de marzo de 2021, y el próximo 13 de diciembre de 2021, la Apelada presentó demanda impugnando el testamento por preterición.

Luego de varios trámites procesales, el Tribunal anuló lo que clasificó como la institución de herederos testamentarios debido a la preterición hecha contra la Apelada, y derogó totalmente el testamento por entender que los legatarios no cumplían con los requerimientos del nuevo Código Civil. Como resultado, declaró a la viuda la única y universal heredera.

Inconformes, los Apelantes recurren ante nosotros y sostienen que el foro primario erró al declarar con lugar la demanda y al aplicar legislación derogada, junto a jurisprudencia resuelta bajo el Código Civil anterior, pues lo procedente era modificar la institución de herederos conforme a las disposiciones del Código Civil vigente.

A tal efecto, en el Código Civil del 2020 la Asamblea Legislativa estableció una cláusula de transición que explica lo procedente cuando un individuo, que otorgó testamento bajo el Código Civil del 1930 fallece ya en vigencia el Código Civil del 2020. En lo pertinente, el artículo 1816 establece que "la herencia de los fallecidos después [de la vigencia de este código], sea o no con testamento, se adjudica y reparte con arreglo a este Código; pero cumpliendo, en cuanto este lo permita, las disposiciones testamentarias". 31 LPRA § 11721. Dispone, además,

que "se respetarán, por lo tanto, las legítimas, las mejoras y los legados; pero reduciendo su cuantía, si de otro modo no se puede dar a cada partícipe en la herencia lo que le corresponde según el Código". *Id.* Es decir, cuando se otorga un testamento bajo el Código Civil de 1930, pero el causante fallece bajo el Código Civil de 2020, lo procedente en ausencia de incompatibilidades que lo impidan es armonizar el mandato del Código nuevo con las disposiciones testamentarias para así respetar la última voluntad del testador.

El Código explica que la legítima, la cual es reservada a los legitimarios, entiéndase los descendientes en línea recta y el cónyuge supérstite, constituye la mitad del caudal. 31 LPRA § 11161, 11432. Cuando un testador carece de legitimarios puede disponer libremente de todos sus bienes, de lo contrario solo puede disponer de la mitad de sus bienes. 31 LPRA § 11163.

Un testador establece una institución de herederos cuando hace una designación en su testamento —ya sea como heredero o legatario— sobre la titularidad de los bienes que componen su caudal. 31 LPRA § 11301. Sin embargo, cuando el testador omite instituir a un legitimario, este incurre en preterición. 31 LPRA § 111811. Cuando esto sucede, no procede la nulidad de la institución de herederos, sino que conlleva la división de la legítima entre el total de los legitimarios. 31 LPRA § 11182. Ante esto, las disposiciones testamentarias se tienen que modificar para que los legitimarios reciban la mitad del caudal, para luego proceder con el ajuste de los legados, según los bienes correspondientes a la libre disposición.

En el presente caso, el causante falleció en el 2021, por lo que no cabe duda que, a la luz del artículo 1816 del Código Civil, *supra*, son

de aplicación las disposiciones del Código Civil de 2020. En consecuencia, lo que procede es armonizar los legados hechos en el testamento con las disposiciones sobre preterición del Código Civil. Veamos.

Al examinar el testamento es evidente que el causante pretirió a su esposa, ya que, aun reconociendo que estaba casado, no le atribuyó bienes de su caudal. Sin embargo, como dicta el ordenamiento nuevo, la preterición no da paso a la nulidad de la institución de herederos, sino que conlleva la modificación de las cuotas para que la cónyuge supérstite reciba su legítima. Por tanto, erró el foro inferior al determinar que la viuda fue desheredada y, más aún, al tomar la drástica decisión de anular el testamento.

Por el contrario, una vez se reconozca a la cónyuge supérstite como la única legitimaria y se le adjudique la mitad del caudal, procede que la mitad correspondiente a la libre disposición sea repartida según la partición de las cuotas alícuotas establecidas por el causante en su testamento. Luego de hacer el correspondiente ajuste, resolvemos que Esther Calzada Encarnación como única legitimaria tiene derecho a la totalidad de la legítima, por lo que le corresponde el 50% del caudal, mientras que el restante 50% correspondiente a la libre disposición será repartido según lo descrito en el testamento; entiéndase, la mitad para Sandro Carmona Calderón, una cuarta parte para Anna Torres Rodríguez y la restante cuarta parte para Gabriela Villafañe Santiago.

Por todo lo anterior, revocamos la *Sentencia* apelada, ordenamos la modificación de la designación de cuotas según lo discutido en esta Sentencia y devolvemos el caso al Tribunal de Primera Instancia para

que continúen los procedimientos del litigio de conformidad con este dictamen.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones